IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LAMARCUS TURNER | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv846 |
| WARDEN ALFORD | § | |

<u>MEMORANDUM OPINION</u>

Plaintiff LaMarcus Turner, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

<u>Procedural Background</u>

On January 5, 2009, the court entered an order directing plaintiff to either pay the filing fee or submit a properly certified application to proceed *in forma pauperis*. Plaintiff was given 20 days to comply with the court's order. Plaintiff acknowledged receipt of the court's order on January 7, 2009. However, plaintiff has not paid the filing fee, submitted a properly certified application to proceed *in forma pauperis* or otherwise contacted the court.

<u>Discussion</u>

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157

F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

By failing to comply with the order described above, plaintiff has failed to diligently prosecute this case. As a result, this case will be dismissed for want of prosecution.

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If plaintiff wishes to have this case reinstated on the court's active docket, he may do so by submitting the required filing fee or a properly certified application to proceed *in forma pauperis* within 30 days of the date set forth below.

**SIGNED** this the 27 day of **February, 2009.**

_Thad Heartfield_
Thad Heartfield
United States District Judge